IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL NO. 09-00068 JMS-LEK CIVIL NO. 09-00069 JMS-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BILLION COUPONS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BILLION COUPONS, INC., ETC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S MOTION FOR AUTHORITY TO COMMENCE LITIGATION TO RECOVER FRAUDULENT TRANSFERS AND OTHER CLAIMS, FOR AUTHORITY TO MAKE SETTLEMENT OFFERS, AND FOR SUBSEQUENT SETTLEMENT AUTHORITY; AND GRANTING RECEIVER'S REQUEST TO FILE UNDER <u>SEAL THE RECOMMENDATION REGARDING AUTHORITY TO MAKE SETTLEMENT</u>**

Before the Court is Receiver Barry A. Fisher's ("Receiver") Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims, for Authority to Make Settlement Offers, and for Subsequent Settlement Authority, filed on April 3, 2009 ("Motion"). No opposition to the Motion

has been filed.  After careful consideration of the Motion, supporting memorandum and declaration, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT the Motion for the reasons set forth below.

## BACKGROUND

On February 18, 2009, Plaintiff Securities and Exchange Commission ("SEC") filed its complaint in Civil Number 09-00068 JMS-LEK alleging that Defendants Marvin R. Cooper ("Cooper") and Billion Coupons, Inc., also known as Billion Coupons Investment, ("BCI") (collectively "Defendants") were involved in the fraudulent offer and sale of more than $4 million of securities. On February 18, 2009, Plaintiff United States Commodity Futures Trading Commission ("CFTC") filed its complaint in Civil Number 09-00069 JMS-LEK alleging that Defendants were involved in the fraudulent offer and sale of more than $4 of foreign currency futures contracts.  Also on February 18, 2009, the district judge granted a temporary restraining orders in both cases which, among other things, appointed Mr. Fisher as the temporary receiver. SEC and CFTC both moved for consolidation of the two cases.  The district judge granted the motions to consolidate on March 2, 2009.

On March 3, 2009, the district judge issued an order granting preliminary injunction which, among other things, appointed Mr. Fisher as the permanent receiver and granted to him

several powers, rights, duties and responsibilities, including "to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him . . . , and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his . . . duties as Permanent Receiver[.]"  [Preliminary Injunction and Orders: (1) Freezing Assets, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) and Requiring Accountings, filed 3/3/09 (dkt. no. 36), at 10.]

On April 9, 2009, Receiver filed his Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Relief with Securities and Exchange Commission ("Motion for SEC Permanent Injunction"), and Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Equitable Relief with U.S. Commodity Futures Trading Commission ("Motion for CFTC Permanent Injunction").  The parties filed a Stipulation regarding Motion for SEC Permanent Injunction on May 7, 2009.  The district judge issued his Orders as to Liability, Permanent Injunction and Other Relief Against Defendant Billion Coupons, Inc. (aka Billion Coupons Investment) regarding SEC's complaint on May 18, 2009 and May 20, 2009.  On April 22, 2009, the Consent of Defendant

Marvin R. Cooper to Judgment of Permanent Injunction and Other Relief as to the SEC complaint was filed. The Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Billion Coupon, Inc. as the CFTC complaint was filed on May 22, 2009.

On April 3, 2009, Receiver filed the following: (1) Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate, (2) Motion to Establish Claims Procedure and Bar Date, (3) Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims, for Authority to Make Settlement Offers, and for Subsequent Settlement Authority (collectively "Motions"). SEC and CFTC filed a statement of no opposition to the Motions on April 21, 2009. On April 29, 2009, this Court directed Receiver to prepare proposed Findings and Recommendations granting the Motions.

On June 12, 2009, Receiver filed the Ex Parte Application to File Under Seal Proposed Findings of Fact and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer, which was granted by this Court on June 23, 2009. Receiver was permitted to file the proposed findings and recommendation under seal.

Receiver also filed on June 10, 2009 the following: (1)

(1) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate; (2) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion to Establish Claims Procedure and Bar Date for Filing Claims; and (3) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer.

### **DISCUSSION**

In the instant Motion, Receiver seeks authority to commence litigation to recover funds from persons or entities who invested with BCI, and who received funds in excess of their investment.  Receiver represents that he believes that these amounts in excess of the investments are fraudulent transfers under Haw. Rev. Stat. chap. 651C, the Hawai`I Uniform Fraudulent Transfer Act.  [Mem. in Supp. of Motion at 2.]  Receiver also seeks authority to recover an investor's principal as well if an individual investor or entity who received payments "knew or should have known of the fraudulent nature of the BCI investment offering . . . ." [Id.]  Likewise, Receiver also seeks authority to recover commissions paid by BCI to persons who helped to sell the BCI investment offering and transfers made to Cooper, his family, and his compatriots.  [Id. at 2-3.]

5

Receiver seeks to offer to settle with possible individuals and entities that received commissions in order to conserve costs and therefore seeks settlement authority to make an initial settlement offer before filing litigation.

"Courts have routinely applied UFTA to allow receivers or trustees in bankruptcy to recover monies lost by Ponzi-scheme investors." Donell v. Kowell, 533 F.3d 762, 767 (9th Cir. 2008) (applying the Uniform Fraudulent Transfer Act, as adopted by California) (citations omitted). Here, Receiver proposes to do likewise and seeks authority to make an initial settlement offer and to engage in settlement discussions prior to filing litigation. Such an approach can result in saving the time and cost that will be incurred in the event that lawsuits must be filed. Settlement is generally favored and highly encouraged. See Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir. 2007) ("There is also, of course, the 'strong judicial policy that favors settlement' of disputes in general." (quoting Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992)).

Receiver proposes to contact potential defendants and demand return of any fraudulent transfer received and to offer to settle for a certain percentage of the amount in controversy. If accepted, Receiver proposed to execute a settlement agreement with the potential defendant. [Mem. in Supp. of Motion at 9;

Exh. B to Motion (form demand letter and settlement agreement).] If the potential defendant will not agree to the initial proposal of settlement, then Receiver proposes to negotiate further and to execute a settlement agreement if the potential defendant agrees to pay a certain minimum percentage of the amount in controversy. If the potential defendant will not agree to pay the minimum percentage, but is willing to settle for an amount less than the minimum percentage, then Receiver proposes to seek court approval for such a settlement. If settlement cannot be reached with any potential defendant, then Receiver proposes to file a complaint against the potential defendant to seek recovery of funds. [Exh. A (form Compliant to Avoid Fraudulent Transfers and Recover Property Transferred).]

    This Court FINDS that Receiver should be authorized to locate potential defendants in order to recover fraudulently transferred funds and to seek to settle with potential defendants. If initial settlement offers are rejected, Receiver should be authorized to negotiate with any potential defendant for a certain percentage of the amount in controversy. If the potential defendant will agree to settle, but for an amount less than the certain percentage of the amount in controversy, Receiver should be required to seek court approval for settlement. If any potential defendant will not agree to settle, or if settlement negotiations cannot be concluded within

Receiver's authority or with court approval, then Receiver should be authorized to commence litigation to obtain recovery of fraudulently transferred funds.

This Court FURTHER FINDS that there is a compelling reason to file a portion of its findings and recommendation under seal because Receiver seeks specific authority with which to negotiate and reach acceptable settlements with potential defendants, and, if the authority being sought is publically filed, then such public disclosure would likely result in great disadvantage to Receiver's ability to negotiate acceptable settlements.  See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003).

Lastly, this Court FINDS that the settlement authority and procedure, and litigation plan sought by Receiver, is fair and reasonable, and in the best interests of the Receivership Estate.

### CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS that there is a compelling reason to seal the percentage amount of settlement authority to be given to Receiver and thus shall file its recommendation as to the percentage amount under seal. The Court further RECOMMENDS that the district judge GRANT Receiver's Motion for Authority to Commence Litigation to Recover

Fraudulent Transfers and Other Claims and For Authority to Make Settlement Offer, filed on April 3, 2009.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, July 10, 2009.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**SECURITIES AND EXCHANGE COMMISSION V. BILLION COUPONS, INC., ETC., ET AL; CIVIL NO. 09-00068 JMS-LEK; U.S. COMMODITY FUTURES TRADING COMMISSION V. BILLION COUPONS, INC., ETC., ET AL; CIVIL NO. 09-00069 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S MOTION FOR AUTHORITY TO COMMENCE LITIGATION TO RECOVER FRAUDULENT TRANSFERS AND OTHER CLAIMS, FOR AUTHORITY TOP MAKE SETTLEMENT OFFERS, AND FOR SUBSEQUENT SETTLEMENT AUTHORITY; AND GRANTING RECEIVER'S REQUEST TO FILE UNDER SEAL THE RECOMMENDATION REGARDING AUTHORITY TO MAKE SETTLEMENT**