IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL NO. 09-00068 JMS-LEK<br>CIVIL NO. 09-00069 JMS-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BILLION COUPONS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BILLION COUPONS, INC., ETC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S
MOTION TO ESTABLISH CLAIMS PROCEDURE AND BAR DATE**

Before the Court is Receiver Barry A. Fisher's ("Receiver") Motion to Establish Claims Procedure and Bar Date, filed on April 3, 2009 ("Motion"). No opposition to the Motion has been filed. After careful consideration of the Motion, supporting memorandum, exhibits and declaration, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT the Motion for the reasons set forth below.

## BACKGROUND

On February 18, 2009, Plaintiff Securities and Exchange Commission ("SEC") filed its complaint in Civil Number 09-00068 JMS-LEK alleging that Defendants Marvin R. Cooper ("Cooper") and Billion Coupons, Inc., also known as Billion Coupons Investment, ("BCI") (collectively "Defendants") were involved in the fraudulent offer and sale of more than $4 million of securities. On February 18, 2009, Plaintiff United States Commodity Futures Trading Commission ("CFTC") filed its complaint in Civil Number 09-00069 JMS-LEK alleging that Defendants were involved in the fraudulent offer and sale of more than $4 of foreign currency futures contracts.  Also on February 18, 2009, the district judge granted a temporary restraining orders in both cases which, among other things, appointed Mr. Fisher as the temporary receiver. SEC and CFTC both moved for consolidation of the two cases.  The district judge granted the motions to consolidate on March 2, 2009.

On March 3, 2009, the district judge issued an order granting preliminary injunction which, among other things, appointed Mr. Fisher as the permanent receiver and granted to him several powers, rights, duties and responsibilities, including "to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him . . . , and to incur, or authorize the making of,

such agreements as may be necessary and advisable in discharging his . . . duties as Permanent Receiver[.]"  [Preliminary Injunction and Orders: (1) Freezing Assets, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) and Requiring Accountings, filed 3/3/09 (dkt. no. 36) ("3/3/09 Order"), at 10.]

On April 9, 2009, Receiver filed his Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Relief with Securities and Exchange Commission ("Motion for SEC Permanent Injunction"), and Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Equitable Relief with U.S. Commodity Futures Trading Commission ("Motion for CFTC Permanent Injunction").  The parties filed a Stipulation regarding Motion for SEC Permanent Injunction on May 7, 2009.  The district judge issued his Orders as to Liability, Permanent Injunction and Other Relief Against Defendant Billion Coupons, Inc. (aka Billion Coupons Investment) regarding SEC's complaint on May 18, 2009 and May 20, 2009.  On April 22, 2009, the Consent of Defendant Marvin R. Cooper to Judgment of Permanent Injunction and Other Relief as to the SEC complaint was filed.  The Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Billion Coupon, Inc. as the CFTC complaint was filed on May 22,

2009.

On April 3, 2009, Receiver filed the following: (1) Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate, (2) Motion to Establish Claims Procedure and Bar Date, (3) Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims, for Authority to Make Settlement Offers, and for Subsequent Settlement Authority (collectively "Motions").  SEC and CFTC filed a statement of no opposition to the Motions on April 21, 2009.  On April 29, 2009, this Court directed Receiver to prepare proposed Findings and Recommendations granting the Motions.

On June 12, 2009, Receiver filed the Ex Parte Application to File Under Seal Proposed Findings of Fact and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer, which was granted by this Court on June 23, 2009.  Receiver was permitted to file the proposed findings and recommendation under seal.

Receiver also filed on June 10, 2009 the following: (1) (1) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate; (2) Proposed Findings of Fact (sic) and Recommendation for

Disposition of Receiver's Motion to Establish Claims Procedure and Bar Date for Filing Claims; and (3) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer.

## **DISCUSSION**

Since his appointment as the permanent receiver, Receiver has become aware of numerous claims against BCI and "believe[s] there may be in excess of 125 investors who may be owed in excess of $4 million.  Creditor claims may also exist." [Motion, Decl. of Barry A. Fisher at ¶¶ 2, 3.]  Receiver seeks, in the instant Motion, to have the court "establish a claims procedure so that investors and creditors can submit claims for outstanding sums owed to them by BCI."  [Mem. in Supp. of Motion at 2.]

Specifically, Receiver proposes that the district court issue an order which requires that all persons with any claims or demands against BCI present their claims to Receiver, and states that any persons who fail to make and present claims and supporting proof to Receiver within seventy days of the entry of the court order shall be barred from participating in the distribution of the receivership's assets and from asserting any type of setoff against the receivership estate or its assets. [Id. at 2-3.]

### I.    Claims Procedure and Claim Form

Receiver proposes to set up a claims procedure in which written notice, including a claim form, would be sent by United States Postal Service mail and electronic mail to all known potential claimants and creditors.  [Id. at 3.]  Receiver proposes that the claim form would request (1) the claimant/creditor's identity, (2) claim amount, (3) brief description of the claim's basis, (4) whether the claim is secured or unsecured and/or if the claimant/creditor is contending to have a priority, (5) what consideration the claimant/creditor gave, if any, for the claim, (6) whether the claimant/creditor received any payments on any loan or investment with BCI and, if so, when and in what amount, and (7) other information.  The claimants and creditors would also be required to provide documentation supporting their claims.  [Id.; Exh. A to Motion.]

### II.   Bar Date Procedure

In the written notice to the potential claimants and creditors, Receiver proposes including a statement "in bold typeface, that all claimants not presenting claims on or before seventy (70) days from the entry of the court's order approving the claims procedure shall be forever barred from participating in the distribution of the assets of this receivership estate."  [Mem. in Supp. of Motion at 4; Exhs. B, C to Motion.]

**III. Publication Notice**

In addition to sending notice by United States Postal Service mail and electronic mail, Receiver also proposes publishing

> one (1) notice in SIGNews, National Association of Deaf Magazine and Ohsoez.com for the purpose of information all interested parties that they must file a claim on or before seventy (70) days from the entry of the Court's order approving the claims procedure or forever be barred from participating in any distribution of the assets of this receivership estate.

[Mem. in Supp. of Motion at 4.]  These publications are suggested because they "are widely read and available to the Deaf community."  [Id. at 5.]  In addition, Receiver will post the claim procedure and claim forms, in a format that can be downloaded from a computer, on Receiver's website known as www.billioncouponsreceiver.com.  [Id.]

**IV.  Claims Analysis**

Receiver proposes that he and his staff, and his counsel if necessary, analyze the submitted claim forms and documentation and "determine whether the claims made should be accepted, accepted in part, rejected or rejected because of insufficient information and documentation."  [Id.]  If any claim form is incomplete and/or has insufficient documentation, then Receiver proposes to send a notice of insufficient documentation and inform these claimants/creditors that he or she has twenty-five days in which to supplement the claim form with acceptable

documentation.  Receiver further proposes to inform such claimants/creditors that the failure to provide acceptable documentation within twenty-five days will result in Receiver recommending rejection of that claim.  [Id. at 5-6.]

## V.    Claims Accounting and Rejection Procedure

Receiver proposes that, after the claims have been reviewed and notice of Receiver's determination of these claims has been given to the parties to this action and they have had the opportunity to object to these determinations, Receiver file with the district court an accounting of all claims submitted and a petition for instructions regarding those claims that Receiver recommends be rejected.  If the court grants the petition, then all claimants and creditors whose claims have been recommended for rejection should be served with a notice of rejection (which shall inform them, in brief, of the reasons for recommended rejection and the deadline to respond to the notice of rejection).  These claimants/creditors should have twenty-one days after the mailing of the notice of rejection to serve an objection upon Receiver.  Thereafter, Receiver will file with the district court these objections and Receiver's response thereto in a single document.  Receiver proposes that the district court hold a hearing on a specific date to hear these objections and that the hearing date be provided on the notice of rejection. [Id. at 6.]

Receiver has already been given full powers to identify any claims against BCI's assets. [3/3/09 Order at 10-11.] A district court's power to supervise an equity receivership is "extremely broad" and the "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." S.E.C. v. Hardy, 803 F.2d 1034, 1037-38 (9th Cir. 1986) (citations omitted). Receiver's proposed claims procedure, including the plans for providing notice to potential claimants and creditors, sets forth sufficient safeguards to identify the claimants and creditors and to analyze their claims in a timely, fair and cost-efficient manner.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS that there is good cause for the court to exercise its discretion and permit Receiver to notify potential claimants and creditors and to process their claims. This Court FURTHER FINDS that the proposed claims procedure has sufficient safeguards to identify claimants and creditors and analyze their claims in a timely, fair and cost-efficient manner.

The Court therefore RECOMMENDS that the district judge GRANT Receiver's Motion to Establish Claims Procedure and Bar Date, filed on April 3, 2009. This Court FURTHER RECOMMENDS that the claims procedure proposed in the Motion be approved, and that

the district judge authorize and direct Receiver to: (1) prepare claims forms and notices of the claims procedure in the form and style set forth in Exhibits A and B to the Motion; (2) mail copies of the claim form and notice to all known investors and creditors of BCI by United States Postal Service mail, postage prepaid, and electronic mail; (3) publish notice of the claims procedure in the form set forth in Exhibit C to the Motion in SIGNews, National Association of Deaf Magazine and Ohsoez.com; (4) post information regarding the claims procedure and the claim forms, in a format that can be downloaded from a computer, on the website known as www.billioncouponsreceiver.com; (5) make a list (after receipt of claim forms from claimants and creditors) of the claims that Receiver proposes to accept and those which he proposes to reject; (6) serve notice upon those claimants and creditors whose claims he proposes to reject because of insufficient documentation that their claims have insufficient documentation and give them twenty-five days from the mailing of the notice to provide Receiver with further documentation to support the claim; (7) serve notice of rejection upon the claimants and creditors whose claims Receiver proposes to reject, after he has reviewed all claims and any supplemental documentation and has made determinations as to acceptance and rejection, and the notice of rejection shall briefly state the reasons for rejection; and (8) compile all objections along with

Receiver's response, if any, and file them in a single document.

**IT IS SO FOUND AND RECOMMENDED.**

DATED AT HONOLULU, HAWAII, July 10, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SECURITIES AND EXCHANGE COMMISSION V. BILLION COUPONS, INC., ETC., ET AL; CIVIL NO. 09-00068 JMS-LEK; U.S. COMMODITY FUTURES TRADING COMMISSION V. BILLION COUPONS, INC., ETC., ET AL; CIVIL NO. 09-00069 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S MOTION TO ESTABLISH CLAIMS PROCEDURE AND BAR DATE**