IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  vs.<br><br>BILLION COUPONS, INC., ET AL.,<br><br>      Defendants.<br>_____<br><br>U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>  vs.<br><br>BILLION COUPONS, INC., ETC., ET AL.,<br><br>      Defendants.<br>_____ | CIVIL NO. 09-00068 JMS-LEK<br>CIVIL NO. 09-00069 JMS-LEK |

**FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S
MOTION TO ESTABLISH PROCEDURE FOR THE SALE OF
<u>PERSONAL AND REAL PROPERTY IN THE RECEIVERSHIP ESTATE</u>**

Before the Court is Receiver Barry A. Fisher's ("Receiver") Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate, filed on April 3, 2009 ("Motion"). No opposition to the Motion has been filed. After careful consideration of the Motion, supporting memorandum and declaration, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT the Motion for the

reasons set forth below.

## BACKGROUND

On February 18, 2009, Plaintiff Securities and Exchange Commission ("SEC") filed its complaint in Civil Number 09-00068 JMS-LEK alleging that Defendants Marvin R. Cooper ("Cooper") and Billion Coupons, Inc., also known as Billion Coupons Investment, ("BCI") (collectively "Defendants") were involved in the fraudulent offer and sale of more than $4 million of securities. On February 18, 2009, Plaintiff United States Commodity Futures Trading Commission ("CFTC") filed its complaint in Civil Number 09-00069 JMS-LEK alleging that Defendants were involved in the fraudulent offer and sale of more than $4 of foreign currency futures contracts.  Also on February 18, 2009, the district judge granted a temporary restraining orders in both cases which, among other things, appointed Mr. Fisher as the temporary receiver. SEC and CFTC both moved for consolidation of the two cases.  The district judge granted the motions to consolidate on March 2, 2009.

On March 3, 2009, the district judge issued an order granting preliminary injunction which, among other things, appointed Mr. Fisher as the permanent receiver and granted to him several powers, rights, duties and responsibilities, including "to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter

received by him . . . , and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his . . . duties as Permanent Receiver[.]"  [Preliminary Injunction and Orders: (1) Freezing Assets, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) and Requiring Accountings, filed 3/3/09 (dkt. no. 36) ("3/3/09 Order"), at 10.]

On April 9, 2009, Receiver filed his Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Relief with Securities and Exchange Commission ("Motion for SEC Permanent Injunction"), and Motion for Approval of Receiver, on Behalf of Billion Coupons, Inc., Consenting to a Consent Order of Permanent Injunction and Other Equitable Relief with U.S. Commodity Futures Trading Commission ("Motion for CFTC Permanent Injunction").  The parties filed a Stipulation regarding Motion for SEC Permanent Injunction on May 7, 2009.  The district judge issued his Orders as to Liability, Permanent Injunction and Other Relief Against Defendant Billion Coupons, Inc. (aka Billion Coupons Investment) regarding SEC's complaint on May 18, 2009 and May 20, 2009.  On April 22, 2009, the Consent of Defendant Marvin R. Cooper to Judgment of Permanent Injunction and Other Relief as to the SEC complaint was filed.  The Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant

Billion Coupon, Inc. as the CFTC complaint was filed on May 22, 2009.

On April 3, 2009, Receiver filed the following: (1) Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate, (2) Motion to Establish Claims Procedure and Bar Date, (3) Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims, for Authority to Make Settlement Offers, and for Subsequent Settlement Authority (collectively "Motions").  SEC and CFTC filed a statement of no opposition to the Motions on April 21, 2009.  On April 29, 2009, this Court directed Receiver to prepare proposed Findings and Recommendations granting the Motions.

On June 12, 2009, Receiver filed the Ex Parte Application to File Under Seal Proposed Findings of Fact and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer, which was granted by this Court on June 23, 2009.  Receiver was permitted to file the proposed findings and recommendation under seal.

Receiver also filed on June 10, 2009 the following: (1) (1) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate;

(2) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion to Establish Claims Procedure and Bar Date for Filing Claims; and (3) Proposed Findings of Fact (sic) and Recommendation for Disposition of Receiver's Motion for Authority to Commence Litigation to Recover Fraudulent Transfers and Other Claims and for Authority to Make Settlement Offer.

## **DISCUSSION**

In the instant Motion, Receiver seeks to have the court "establish procedures for the sale of the personal and real property under the Receiver's custody and control so that the property can be quickly liquidated . . . ."  [Mem. in Supp. of Motion at 2.]  Receiver acknowledges that 28 U.S.C. § 2004 provides that any personalty sold under any court order shall be sold in accordance with 28 U.S.C. § 2001.  See 28 U.S.C. § 2004. However, Receiver submits that the requirements of 28 U.S.C. § 2001 are too cumbersome.  28 U.S.C. § 2001(a) provides:

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs.  Such sale shall be upon such terms and conditions as the court directs.
>
> Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the

>     property in such district is located, or on the
>     premises or some parcel thereof located in such
>     county, parish, or city, as such court directs,
>     unless the court orders the sale of the property
>     or one or more parcels thereof in one or more
>     ancillary districts.

28 U.S.C. § 2001(a).  Receiver is thus required to sell the personal property at a public auction.  Alternatively, § 2001 provides that a private sale may be ordered but, before confirmation of such a sale, "the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities."  28 U.S.C. § 2001(b).  Publication of the sale is also required.  <u>See id.</u>  Receiver argues that the time and cost of such requirements are onerous and expensive.

**I.   Sale of Personal Property**

Receiver proposes an alternative procedure wherein the personal property can be sold quickly to maximize the sale proceeds, and to minimize storage fees and other costs: (1) as to automobiles and motorbikes, Receiver should be given discretion to sell these items for the best price that can be obtained (such as possibly assigning them for sale by private buyers or using Craigslist or similar databases) without court confirmation of these sales; and (2) as to aircraft, Receiver represents that there is a Piper Aztec with an approximate value of $75,000.00 and a Kolb Twinstar MK II with an approximate value of

$7,5000.00, and that the accrued storage and repair fees for the aircraft are $20,397.08 and $600.00, respectively. [Mem. in Supp. of Motion at 5 n.1.]  Both aircraft are located outside of Hawai`i. [Id. at 5.]  Receiver asks to be authorized to: sell the aircraft for the best price that can be obtained at the aircrafts' current locations; to pay up to ten percent of the sales price in brokers' commission; and to pay outstanding bills for the repair and storage of the aircraft from the proceeds of any sale of the aircraft.  As to other personal property, Receiver represents that there are several items in storage which include computers, furniture and equipment, and that the best method for the sale of these items is public auction.  Receiver requests authorization to sell these items in a public auction and to retain the services of a local auctioneer to conduct the auction.  In addition, Receiver states that he may obtain other personal property purchased with BCI funds as he has demanded the return of high-end camera equipment and may obtain a portable GPS for airplanes.  In the event that these items are recovered, Receiver requests authority to sell these and any other items recovered by consignment or offer for sale in Ebay[1] or other similar internet sites.

---

[1] Ebay is an internet website for on-line auctioning and shopping for goods and services.

## II. <u>Sale of Real Property</u>

For the sale of real property, Receiver proposes that the court: 1) authorize Receiver to retain the services of a licensed real estate broker to sell the real property; and 2) require the broker to list the real property in the appropriate multiple listing service and to advertise it. Thereafter, Receiver should be authorized to sell the real property for the highest and best price that can be obtained.

Receiver has already been given full powers over BCI's assets. <u>See</u> 3/3/09 Order at 10-11; <u>see also</u> <u>S.E.C. v. Am. Capital Invs., Inc.</u>, 98 F.3d 1133, 1144 (9th Cir. 1996). For the real property, the district court has discretion in setting the terms and conditions of the sale. <u>See</u> <u>United States v. Branch Coal Corp.</u>, 390 F.2d 7, 10 (3d Cir. 1968). Receiver's proposed plans for the sale of personal and real property have sufficient safeguards in order to solicit the highest price that a willing buyer in an arms-length negotiation will offer while conducting the sales in a timely and cost-efficient manner that will maximize the net sales proceeds.

## <u>CONCLUSION</u>

On the basis of the foregoing, this Court HEREBY FINDS that there is good cause for the district court to exercise its discretion and permit Receiver to sell personal and real property that he has recovered in the instant action in a manner other

than as provided by federal statute, including 28 U.S.C. §§ 2001, 2004.  This Court FURTHER FINDS that the proposed plans for the sale of personal and real property have sufficient safeguards for maximizing sale prices but also provide an efficient process to minimize carrying costs and other expenses that will need to be deducted from the gross sale proceeds.

The Court therefore RECOMMENDS that the district judge GRANT Receiver's Motion to Establish Procedure for the Sale of Personal and Real Property in the Receivership Estate, filed on April 3, 2009.  This Court FURTHER RECOMMENDS that Receiver be given the following powers and directives: (1) as to automobiles and motorbikes, Receiver is given the discretion to sell these items for the best price that can be obtained (including assigning them for sale by private buyers or listing the items for sale on internet databases) without court confirmation of these sales; (2) as to aircraft, Receiver is authorized to sell the aircraft for the best price that can be obtained, to pay up to ten percent of the sales price in brokers' commission, and to pay outstanding bills for the repair and storage of the aircraft from the proceeds of any sale of the aircraft without court confirmation; (3) as to any other personal property, Receiver is authorized to place these items for sale by public auction, including by consignment or offer for sale on an internet website for an on-line auction or on-line sale; and (4) as to real

property, Receiver is authorized to retain a licensed real estate broker to list and advertise the property, and Receiver is authorized to sell the real property for the highest price that can be obtained.

  **IT IS SO FOUND AND RECOMMENDED.**

  DATED AT HONOLULU, HAWAII, July 10, 2009.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**<u>SECURITIES AND EXCHANGE COMMISSION V. BILLION COUPONS, INC., ETC., ET AL</u>; CIVIL NO. 09-00068 JMS-LEK; <u>U.S. COMMODITY FUTURES TRADING COMMISSION V. BILLION COUPONS, INC., ETC., ET AL</u>; CIVIL NO. 09-00069 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT RECEIVER'S MOTION TO ESTABLISH PROCEDURE FOR THE SALE OF PERSONAL AND REAL PROPERTY IN THE RECEIVERSHIP ESTATE**