IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | CIVIL NO. 09-00068 JMS-LEK CIVIL NO. 09-00069 JMS-LEK |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| BILLION COUPONS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| ——————————————— | ) ) | |
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| BILLION COUPONS, INC., ETC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| ——————————————— | ) | |

**AMENDMENT TO REPORT OF SPECIAL MASTER ON RECEIVER'S FIRST INTERIM FEE APPLICATION OF (1) BARRY A. FISHER, RECEIVER; (2) ERVIN COHEN & JESSUP LLP; (3) ALSTON HUNT FLOYD & ING; (4) LOBUGLIO & SIGMAN AND REPORT OF RECEIVER**

On January 29, 2010, this Court filed its Report of

Special Master on Receiver's First Interim Fee Application of (1)

Barry A. Fisher, Receiver; (2) Ervin Cohen & Jessup LLP; (3)

Alston Hunt Floyd & Ing; (4) Lobuglio & Sigman[1] and Report of

_____

[1] The Receiver, Ervin Cohen & Jessup LLP, Alston Hunt Floyd & Ing, and Lobuglio & Sigman are referred to collectively as the "Fee Applicants".

Receiver ("Report").  This Court recommended, *inter alia*, that the request for interim expenses incurred by the Receiver's counsel, Ervin Cohen & Jessup LLP ("ECJ") be granted in part and denied in part.  The Court recommended that the district judge award ECJ $1,635.57 in interim fees and gave ECJ leave to submit a supplemental declaration and supporting documentation for its out-of-town travel and meal expenses.  The Report cautioned ECJ that, if it failed to address all of the issues identified in the Report, this Court would recommend that those expenses be denied with prejudice.

On February 5, 2010, the Receiver submitted a Request for Amendment of the Report ("Request").  The Request includes a Supplemental Declaration of Peter A. Davidson ("Supplemental Davidson Declaration") and supporting documentation for the expenses at issue.  Plaintiffs Securities and Exchange Commission and United States Commodity Futures Trading Commission (collectively "Plaintiffs") did not respond to the Request.

## DISCUSSION

As noted in the Report, ECJ is entitled to its actual expenses which were reasonable and necessary.  [Report at 29.] The Fee Applicants sought an award of $6,405.25 in interim expenses incurred by ECJ.  The Report recommended that the district judge award ECJ $1,635.57 in interim expenses.  The instant Request addresses the remaining $4,525.16, which the

Report found to be insufficiently documented.  This amount
consisted of $3,788.46 in travel expenses incurred during
February 2009, $736.70 in travel expenses incurred during April
2009, and $244.52 in meal expenses.  [Report at 31-32.]

A.    **February 2009 Travel Expenses**

Mr. Davidson states that ECJ incurred $2,696.44 in
February 2009 for round-trip, economy airfare tickets for him and
the Receiver so that they could be in Honolulu when Plaintiffs
initiated the instant case.  [Suppl. Davidson Decl. at ¶ 4.]  ECJ
submitted a reservation itinerary with a fare summary.  [Exh. 1
to Suppl. Davidson Decl. at 1-2.]  The February 2009 travel
expenses also included: hotel costs - $962.04; taxi fare to and
from the Los Angeles International Airport - $77.00; parking -
$8.50; and $16.98 for coffee for Mr. Davidson and the Receiver on
two occasions.  [Suppl. Davidson Decl. at ¶ 6, Exh. 1 at 3-6.]
These expenses total $3,760.96.  For purposes of this interim
award only, the Court FINDS this amount to be reasonable and
necessary.  The remaining $27.50 is unsubstantiated and therefore
is not compensable.

The Court has several concerns with Mr. Davidson's
travel expenses, which the Court expects the Fee Applicants to
consider when making future motions for interim expenses.  First,
Mr. Davidson's hotel room cost $239.00 per night.  [Exh. 1 to
Suppl. Davidson Decl. at 3.]  Mr. Davidson states that he and the

3

Receiver stayed at the same hotel that Plaintiffs' counsel chose. [Suppl. Davidson Decl. at ¶ 6.]  That, however, is not proof that the expenses is reasonable because Plaintiffs are not seeking a judicial award of their counsel's travel expenses from the receivership estate.  The Court encourages the Fee Applicants to look for more reasonable accommodations if future travel to Hawai'i is required in connection with this case.  Second, Mr. Davidson's hotel bill includes a $159.27 dinner for himself and the Receiver at the hotel's steak and seafood restaurant. [Exh. 1 to Suppl. Davidson Decl. at 3.]  Future expense awards for travel related meals will be subject to the limitations discussed *infra*.  Third, Mr. Davidson submitted handwritten notes for a $10.00 coffee expense and a $0.50 street parking expense. [Id. at 5.]  In the future, this Court will not grant requests for expenses that do not have a receipt or other supporting documentation.

### B.   April 2009 Travel Expenses

Mr. Davidson states that the $736.70 travel expense incurred during April 2009 was a cancellation fee for non-refundable travel accommodations.  [Suppl. Davidson Decl. at ¶ 8, Exh. 1 at 7-10.]  Mr. Davidson planned to travel to Hawai'i in May 2009 for this Court's hearing on three motions filed by the Receiver.  This Court, however, later vacated the hearing and decided the motions without a hearing.  This Court found a

similar expense incurred by the Receiver to be reasonable.
[Report at 30-31.]  This Court therefore also FINDS
Mr. Davidson's cancellation fee to be reasonable and necessary.

The Court, however, cautions the Fee Applicants that
similar expenses will not be reimbursed in future awards.  The
Receiver and his counsel have this Court's permission to appear
by telephone at any hearing or conference scheduled before this
Court.  The Court also suggests that the Receiver and his counsel
seek similar permission from the district judge.

### C.  **Meals**

Mr. Davidson's meal expenses during his February 2009
trip to Hawai'i consist of the following: Paradise Café - $17.65;
Wailana Coffee House - $28.37; Dewars Clubhouse - $42.04; and
Orchids - $106.46.  [Exh. 1 to Suppl. Davidson Decl. at 4-6.]
These total $194.52.  For the purposes of this interim award
only, the Court FINDS that these amounts are reasonable.  The
remaining $50.00 in meal expenses is unsubstantiated and
therefore is not compensable.

The Court also cautions the Fee Applicants that, for
future requests, this Court will approve no more than $100.00 per
person per day for meal expenses during out-of-state travel.  All
meal expenses, including coffee expenses, should have an itemized
receipt and should be claimed separately from any lodging
expenses.

5

D.    <u>**Summary**</u>

This Court FINDS that ECJ is entitled to the following interim expenses, in addition to the interim award recommended in the Report:

|  |  |
|---|---|
| February 2009 travel expenses | $3,760.96 |
| February 2009 meal expenses | $  194.52 |
| April 2009 travel expenses | <u>$  736.70</u> |
| **Total** | **$4,692.18** |

## CONCLUSION

On the basis of the foregoing, this Court hereby AMENDS its Report of Special Master on Receiver's First Interim Fee Application of (1) Barry A. Fisher, Receiver; (2) Ervin Cohen & Jessup LLP; (3) Alston Hunt Floyd & Ing; (4) Lobuglio & Sigman and Report of Receiver, filed January 29, 2010, as follows: the Court RECOMMENDS that the request for interim expenses incurred by Ervin Cohen & Jessup LLP be GRANTED IN PART AND DENIED IN PART. This Court RECOMMENDS that the district judge award ECJ $4,692.18 in interim expenses, in addition to the interim award recommended in the Report. Thus, the total award of interim expenses to ECJ should be $6,327.75. The Court RECOMMENDS that the remainder of ECJ's interim expenses be DENIED WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 8, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

S.E.C. V. BILLION COUPONS, INC., ET AL; CIVIL NO 09-00068 JMS-LEK; C.F.T.C. V. BILLION COUPONS, INC., ET AL; CIVIL NO 09-00069 JMS-LEK; AMENDED TO REPORT OF SPECIAL MASTER ON RECEIVER'S FIRST INTERIM FEE APPLICATION OF (1) BARRY A. FISHER, RECEIVER; (2) ERVIN COHEN & JESSUP LLP; (3) ALSTON HUNT FLOYD & ING; (4) LOBUGLIO & SIGMAN AND REPORT OF RECEIVER